O



FILED
CLERK, U.S.D.C. SOUTHERN DIVISION

AUG 2 2 2008

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL LEWIS, | Case No. EDCV 07-1566 RNB |
| Plaintiff, | |
| vs. | ORDER REVERSING DECISION OF COMMISSIONER AND REMANDING FOR FURTHER ADMINISTRATIVE PROCEEDINGS |
| MICHAEL J. ASTRUE, Commissioner of Social Security. | |
| Defendant. | |

The Court now rules as follows with respect to the three disputed issues listed in the Joint Stipulation.[1]

With respect to Disputed Issue No. 1, the Court concurs with the Commissioner that reversal is not warranted based on the alleged failure of the Appeals Council to properly consider the treating psychologist's April 18, 2005 opinion (see AR 419). Pursuant to 20 C.F.R. § 416.1470(b), the Appeals Council will consider new and

---

[1]     As the Court advised the parties in its Case Management Order, the decision in this case is being made on the basis of the pleadings, the Administrative Record ("AR"), and the Joint Stipulation ("Jt Stip") filed by the parties. In accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has determined which party is entitled to judgment under the standards set forth in 42 U.S.C. § 405(g).

1

1  material evidence submitted to it if the evidence relates to the period on or before the
2  date of the Administrative Law Judge ("ALJ") hearing decision. Here, however, the
3  evidence of the treating psychologist's April 18, 2005 opinion submitted to the
4  Appeals Council was not new. (See AR 312). Nor does it appear to the Court that the
5  evidence was material to the ALJ's determination of plaintiff's residual functional
6  capacity ("RFC") absent substance abuse. Moreover, it is clear from the hearing
7  decision that the ALJ already had considered that evidence. (See AR 15-16).

8      With respect to Disputed Issue No. 2, for the reasons stated by the
9  Commissioner (see Jt Stip at 6-12), the Court finds that reversal is not warranted based
10 on the ALJ's alleged failure to properly consider Dr. White's March 31, 2004
11 consultative psychological evaluation.

12     With respect to Disputed Issue No. 3, however, the Court concurs with plaintiff
13 that the ALJ failed to make a proper vocational determination at Step Four of the
14 Commissioner's sequential evaluation process. While the Commissioner is correct
15 that (a) claimants have the burden at Step Four to show that they can no longer
16 perform their past relevant work (see, e.g., Pinto v. Massanari, 249 F.3d 840, 844 (9th
17 Cir. 2001); Sanchez v. Secretary of Health and Human Svcs., 812 F.2d 509, 511 (9th
18 Cir. 1987)) and (b) the determination that a claimant is capable of performing his/her
19 past relevant work properly may be based on **either** the past relevant work as
20 performed by the claimant **or** the past relevant work as generally performed in the
21 national economy (see, e.g., Matthews v. Shalala, 10 F.3d 678, 681 (9th Cir. 1993);
22 Sanchez, 812 F.2d at 511), it still was incumbent on the ALJ to make specific findings
23 of fact as to the physical and mental demands of plaintiff's past relevant work. See
24 Social Security Ruling 82-62[2]; Pinto, 249 F.3d at 844-45; see also Acosta v. Apfel, 15
25 F. Supp. 2d 947, 950 (C.D. Cal. 1998). Even though it is evident from the hearing
26
27      [2]    The Ninth Circuit has stated that Social Security Rulings are binding on
28 ALJs. See Terry v. Sullivan, 903 F.2d 1273, 1275 n.1 (9th Cir. 1990).

1  decision that the ALJ's finding that plaintiff was capable of performing his past
2  relevant work as a cook was based on how that work is generally performed in the
3  national economy according to the Dictionary of Occupational Titles ("DOT") (see
4  AR 19), the Court concurs with plaintiff that the ALJ's reliance on the DOT alone
5  (without the benefit of vocational expert testimony) was not sufficient because the
6  DOT does not address the standing and/or walking requirements of a cook job.[3]

7      As to the issue of the appropriate relief, the law is well established that the
8  decision whether to remand for further proceedings or simply to award benefits is
9  within the discretion of the Court. See, e.g., Salvador v. Sullivan, 917 F.2d 13, 15
10  (9th Cir. 1990); McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989); Lewin v.
11  Schweiker, 654 F.2d 631, 635 (9th Cir. 1981). Remand is warranted where additional
12  administrative proceedings could remedy defects in the decision. See, e.g., Kail v.
13  Heckler, 722 F.2d 1496, 1497 (9th Cir. 1984); Lewin, 654 F.2d at 635. Remand for
14  the payment of benefits is appropriate where no useful purpose would be served by
15  further administrative proceedings, Kornock v. Harris, 648 F.2d 525, 527 (9th Cir.
16  1980); where the record has been fully developed, Hoffman v. Heckler, 785 F.2d
17  1423, 1425 (9th Cir. 1986); or where remand would unnecessarily delay the receipt
18  of benefits, Bilby v. Schweiker, 762 F.2d 716, 719 (9th Cir. 1985). The Court has
19  concluded that this is not an instance where no useful purpose would be served by
20  further administrative proceedings; rather, additional administrative proceedings still
21  could remedy the defects in the ALJ's decision.

22
23                                    ORDER
24      Accordingly, pursuant to sentence four of 42 U.S.C. § 405(g), IT IS HEREBY
25

26      [3]    The Court notes that, according to plaintiff's work history report, his
27  cook job as actually performed required 3 hours of walking, 5 hours of standing, and
   0 hours of sitting. (See AR 105). Thus, based on the ALJ's RFC determination,
28  plaintiff did not have the capacity to do his past relevant work as actually performed.

1    ORDERED that Judgment be entered reversing the decision of the Commissioner of

2    Social Security and remanding this matter for further administrative proceedings.[4]

3

4    DATED: August 21, 2008

5

6                                                   ROBERT N. BLOCK

7                                                   UNITED STATES MAGISTRATE JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28        [4]      The Court is not limiting the scope of the remand.

                                               4